**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50529 |
| Plaintiff-Appellee, | Dist. Ct. No. 2:07-cr-01379-SVW |
| v. | |
| WYVONIA WARE, | MEMORANDUM [*] |
| Defendant-Appellent. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 7, 2010
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and STROM, District Judge.[**]

Wyvonia Ware was indicted on three counts of knowingly and willfully

understating her income to the Department of Housing of Urban Development

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

("HUD") in order to obtain federal low-income housing benefits from the Section 8

Housing Choice Voucher Program ("Section 8 program") in 2003, 2004, and 2005,

in violation of 18 U.S.C. § 1001. The Housing Authority of Los Angeles

("Housing Authority") locally administers the Section 8 program, and Ware's false

statements were made on income certification forms she submitted to the Housing

Authority. A jury found Ware guilty of all three counts.

A crime is committed under 18 U.S.C. § 1001 when someone, "in any matter

within the jurisdiction of the executive . . . branch of the Government of the United

States, knowingly and willfully . . . makes any materially false, fictitious, or

fraudulent statement or representation." 18 U.S.C. § 1001(a)(2); *see also United

States v. Atalig*, 502 F.3d 1063, 1066 (9th Cir. 2007) (stating the government must

prove (1) a statement, (2) falsity, (3) materiality, (4) knowledge, and (5)

jurisdiction to obtain a conviction under § 1001).

On appeal, Ware raises four assignments of error, none of which were raised

before the district court. Because Ware failed to raise these issues before the

district court, this court reviews them for plain error. *See* Fed. R. Crim. P. 52(b).

First, Ware argues the district court committed plain error in failing to find there

was insufficient evidence to support a finding by the jury of § 1001's jurisdiction

element. Under the plain error standard, "[t]he court would be reluctant to sustain

a conviction if it could be clearly seen from the record that the evidence was insufficient." *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201 (9th Cir. 2000). When determining whether sufficient evidence supports a conviction, the court views the evidence in the light most favorable to the prosecution and must affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (internal quotation marks omitted).

A false statement is made within the executive branch's jurisdiction when the executive branch "has the power to exercise authority in a particular situation." *See United States v. Rodgers*, 466 U.S. 475, 479 (1984); *United States v. Facchini*, 874 F.2d 638, 641 (9th Cir. 1989) (en banc). This court has previously recognized that when there is a direct relation between a false statement and the payment of federal benefits, jurisdiction is satisfied. *Atalig*, 502 F.3d at 1068; *Facchini*, 874 F.2d at 643. In this case, the jury heard evidence that HUD is responsible for funding the Section 8 program and sets all the regulations and standards for the Section 8 program. Moreover, many of the Section 8 program income certification forms that Ware completed, which the government offered into evidence, contained explicit warnings to applicants that false statements made on the forms

constituted a crime under § 1001. When viewed in the light most favorable to the prosecution, sufficient evidence supported the jury's finding that Ware's false statements in her income certification forms to the Housing Authority were made in a matter within HUD's jurisdiction.

Second, Ware argues the district court committed plain error when it failed to find insufficient evidence supported the jury's finding that Ware's false statements were material. A false statement "is material if it has a natural tendency to influence, or was capable of influencing, the decision of the [agency] to which it was addressed." *Kungys v. United States*, 485 U.S. 759, 770 (1988) (internal quotation marks omitted); *see also Facchini*, 874 F.2d at 643 ("A statement is considered material if it has the propensity to influence agency action."). The evidence viewed in the light most favorable to the prosecution demonstrates that Ware's false statements regarding her income were material because Section 8 program benefits are calculated using the amount of income an applicant discloses. An applicant's failure to accurately disclose income will affect the computation of Section 8 program benefits and may result in an overpayment of benefits. Sufficient evidence supported the jury's finding that Ware's false statements were material.

Third, Ware argues the district court committed plain error when it gave a jury instruction regarding § 1001's jurisdiction element. Even assuming, without deciding, that the district court erred when it instructed the jury, the error was not "so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *United States v. Wahid*, 614 F.3d 1009, 1015 (9th Cir. 2010). Therefore, the district court did not commit plain error.

Finally, Ware argues the district court committed plain error by violating her rights under the Double Jeopardy Clause, when prior to opening statements the district court dismissed a sworn juror for health reasons and reconvened the venire panel to select a replacement juror rather than using the alternate juror. Although jeopardy attached to Ware when the jury was initially sworn, this original jeopardy did not terminate with the sworn juror's dismissal. *See United States v. Trigg*, 988 F.2d 1008, 1009-10 (9th Cir. 1993) (citing *Richardson v. United States*, 468 U.S. 317, 325 (1984)). Since Ware's original jeopardy never terminated, she was not put in jeopardy more than once and the Double Jeopardy Clause is not implicated.

**AFFIRMED**.