**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

JEREMY LARA,

    Defendant - Appellee.

No. 17-2135
(D.C. No. 1:16-CR-02682-JAP-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Jeremy Lara pleaded guilty to aggravated identify theft, bank fraud, possession of a counterfeit postal key, and mail theft. The district court imposed a controlling 30-month prison sentence. The government appeals, arguing the district court violated 18 U.S.C. § 1028A(b)(3) by considering Lara's mandatory two-year sentence for aggravated identify theft in determining the appropriate sentences for Lara's bank-fraud offenses. We agree: although the district court was free to consider the two-year sentence in determining Lara's sentences for possession of a counterfeit

---

[*] This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

postal key and mail theft, the district court violated § 1028A(b)(3) by considering the two-year sentence in determining Lara's sentences for bank fraud. Accordingly, we vacate Lara's sentence and remand for resentencing.

### Background

Lara pleaded guilty to three counts of bank fraud (counts 1–3), *see id.* § 1344; three counts of aggravated identify theft (counts 4–6), *see id.* § 1028A; two counts of possession of a counterfeit postal key (counts 7 and 9), *see id.* § 1704; and two counts of mail theft (counts 8 and 10), *see id.* § 1708.

In his sentencing memorandum, Lara asked the district court to impose a total prison sentence of 24 months. More specifically, he asked the district court to impose the mandatory two-year prison sentence for each of the three counts of aggravated identify theft, *see* § 1028A(a)(1), and to "suspend the sentences" on the remaining counts of conviction, R. vol. 1, 39. In support, Lara asserted that § 1028A(a)(1)'s two-year sentence was "sufficient" and that "any further incarceration would be greater than necessary to achieve the goals of sentencing." R. vol. 1, 39.

The government objected to Lara's request. First, it pointed out that § 1028A—which prohibits "knowingly transfer[ring], possess[ing], or us[ing], without lawful authority" another person's "means of identification" "during and in relation to" certain enumerated felonies, including bank fraud—requires a sentencing court to impose a mandatory two-year sentence "*in addition to* the punishment provided for" the underlying enumerated felony. § 1028A(a)(1) (emphasis added); *see also* § 1028A(c)(5). Second, the government argued that § 1028A expressly

2

prohibited the district court from "reduc[ing] the term to be imposed for" that underlying enumerated felony "as to compensate for, or otherwise take into account," § 1028A(a)(1)'s mandatory two-year sentence. § 1028A(b)(3). And according to the government, this was precisely what Lara asked the district court to do when he argued that the mandatory two-year sentence for aggravated identify theft "would be 'sufficient,' and that any further sentences would be 'greater than necessary to achieve the goals of sentencing.'" R. vol. 1, 41 (quoting *id.* at 39).

At the sentencing hearing, Lara denied that he was asking the district court to take § 1028A(a)(1)'s mandatory two-year sentence for aggravated identity theft into account in determining the appropriate sentences for his other offenses. Instead, Lara asserted, he was merely arguing that a 24-month sentence would be "fair, just[,] and reasonable" under "the totality of the circumstances of his case." R. vol. 3, 93.

In response, the district court initially proposed a sentence of a year and a day on counts 1–3 (bank fraud) and 7–10 (possession of a counterfeit postal key and mail theft), but then changed course and determined that a six-month prison sentence on "each of those counts" was "sufficient but not greater than necessary to satisfy the requirements of" 18 U.S.C. § 3553(a).[1] R. vol. 3, 97; *see also* § 3553(a) (requiring court to consider whether sentence imposed, e.g., "afford[s] adequate deterrence" and

---

[1] The parties appear to agree that the district court's initial proposal was an attempt to ensure Lara would receive credit for "good time," thus "effectively reducing [his] sentence." Aplee. Br. 14; *see also* 18 U.S.C. § 3624(b)(1) (explaining that prisoner serving sentence of "more than 1 year" can "receive credit toward the service of the prisoner's sentence" by "display[ing] exemplary compliance with institutional disciplinary regulations").

"reflect[s] the seriousness of the offense"). The district court clarified that the six-month sentences for each of counts 1–3 (bank fraud) and 7–10 (possession of a counterfeit postal key and mail theft) would run concurrently to one another but consecutively to the three concurrent mandatory two-year sentences the court imposed on counts 4–6 (aggravated identify theft), for a total 30-month prison sentence. The district court explained that it based its decision on (1) "the fact that the offenses . . . did not involve weapons or violence"; (2) "the fact that" Lara would "be required to spend an additional two years beyond the six months" in prison; (3) the fact that Lara would also serve "a three-year term of supervised release"; and (4) the district court's conclusion that 30 months in prison plus three years of supervised release would "provide adequate protection of the public and address the seriousness of the offense and result in just punishment." R. vol. 3, 97.

The government "object[ed] to the court's consideration" of the mandatory two-year sentence that the court imposed on counts 4–6 (aggravated identify theft) "in imposing [a] six-month sentence" for each of the remaining counts. *Id.* at 101–02. The district court did not rule on the government's objection. The government now appeals.

## Analysis

On appeal, the government argues that the district court violated § 1028A(b)(3) by taking into account § 1028A(a)(1)'s mandatory two-year prison sentence in determining the appropriate sentences for Lara's bank-fraud convictions. Lara doesn't dispute that the district court was precluded from considering

4

§ 1028A(a)(1)'s mandatory two-year term in determining the appropriate sentences for his bank-fraud convictions. But he argues the district court was free to take the mandatory two-year term into consideration in determining the appropriate sentences for his *other* convictions, i.e., possession of a counterfeit postal key and mail theft. And according to Lara, that's all the district court did here. The government disagrees. It argues that even assuming the district court could consider § 1028A(a)(1)'s mandatory two-year term in crafting Lara's sentences for possession of a counterfeit postal key and mail theft, the district court *also* considered § 1028A(a)(1)'s mandatory two-year term in crafting Lara's sentences for bank fraud—and erred in doing so. For the reasons discussed below, we agree with the government.

At the outset, we have no trouble concluding that § 1028A(b)(3) prohibited the district court from taking § 1028A(a)(1)'s mandatory two-year sentence for aggravated identify theft into account in determining the appropriate sentences for Lara's bank-fraud convictions. In relevant part, § 1028A states:

**(a) Offenses.**--

**(1) In general.**--Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

. . . .

**(b) Consecutive sentence.**--Notwithstanding any other provision of law--

5

. . .

> **(2)** . . . no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law, including any term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used;
>
> **(3)** in determining any term of imprisonment to be imposed for the felony during which the means of identification was transferred, possessed, or used, a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section . . . .

§ 1028A(a)–(b). Finally, § 1028A lists bank fraud as a "felony violation enumerated in subsection (c)." § 1028A(c)(5) (quoting § 1028A(a)(1)).

Thus, in relevant part, the statute (1) prohibits "knowingly transfer[ring], possess[ing], or us[ing], without lawful authority" another person's "means of identification" "during and in relation to" the predicate felonies listed in § 1028A(c)—including bank fraud, *see* § 1028A(c)(5)—and then (2) clearly and unequivocally states that "in determining any term of imprisonment to be imposed for [bank fraud], a court shall not in any way reduce the term to be imposed for [bank fraud] so as to compensate for, or otherwise take into account" § 1028A(a)(1)'s two-year sentence for aggravated identify theft, § 1028A(b)(3). Accordingly, under the plain language of § 1028A, the district court was precluded from considering § 1028A(a)(1)'s mandatory two-year sentence for aggravated identify theft in crafting Lara's sentences for bank fraud. *See St. Charles Inv. Co. v. Comm'r*, 232

6

F.3d 773, 776 (10th Cir. 2000) ("As in all cases requiring statutory construction, 'we begin with the plain language of the law.'" (quoting *United States v. Morgan*, 922 F.2d 1495, 1496 (10th Cir. 1991))).

In fact, § 1028A(b)(3)'s plain language is so clear on this point that both the Supreme Court and this court have cited that language as an example of Congress' ability to unambiguously preclude district courts from considering a defendant's sentence for one conviction when imposing a sentence on another conviction. *See Dean v. United States*, 137 S. Ct. 1170, 1174, 1177–78 (2017) (analyzing 18 U.S.C. § 924(c), which makes it "a separate offense to use or possess a firearm in connection with a violent or drug trafficking crime"; rejecting government's argument that district court couldn't consider § 924(c)'s mandatory-minimum sentence in calculating appropriate sentence for predicate offense; and citing § 1028A(b)(3) as proof that Congress knows how to explicitly prohibit such consideration when it chooses to); *United States v. Smith*, 756 F.3d 1179, 1185–87 (10th Cir. 2014) (same).

Indeed, we indicated in *Smith* that § 1028A(b)(3)'s plain language "does" precisely "what it says": it "prevent[s] a sentencing court from taking account of § 1028A[(a)(1)]'s mandatory minimum[] when considering a sentence for predicate offenses" such as bank fraud. 756 F.3d at 1186 n.2. And we noted in *Smith* that our sister circuits have reached the same conclusion. *See id.*; *United States v. Wahid*, 614 F.3d 1009, 1014 (9th Cir. 2010) ("The statutory language is clear": "a district court may not reduce the sentence of a *predicate* felony to compensate for the mandatory two-year consecutive term . . . ."); *United States v. Vidal-Reyes*, 562 F.3d 43, 50 (1st

7

Cir. 2009) (stating that § 1028A(b)(3) "clearly prohibits a sentencing court from taking into consideration § 1028A(a)(1)'s mandatory two-year term for aggravated identity theft to reduce the sentence that it would otherwise impose when sentencing a defendant for predicate offenses underlying the aggravated identity theft conviction"); *United States v. Guillen-Esquivel*, 534 F.3d 817, 819 (8th Cir. 2008) ("Section 1028A(b)(3) prohibited the district court from 'in any way reduc[ing] the term to be imposed for [document trafficking] so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for [aggravated identify theft].'" (alterations in original) (quoting § 1028A(b)(3))). Thus, we hold that § 1028A(b)(3) prohibited the district court from considering § 1028A(a)(1)'s two-year sentence for aggravated identify theft in crafting Lara's sentences for bank fraud.

But this conclusion doesn't necessarily entitle the government to reversal. So far, the government has proved its major premise. That is, the government has established that *if* the district court took into account § 1028A(a)(1)'s mandatory two-year term in determining the appropriate sentences for Lara's bank-fraud convictions, *then* the district court erred. Yet to prevail on appeal, the government must also prove its minor premise: it must establish that the district court did, in fact, consider § 1028A(a)(1)'s mandatory two-year term in determining the appropriate sentences for Lara's bank-fraud convictions. And according to Lara, the government can't make that showing.

Lara doesn't dispute that the district court considered § 1028A(a)(1)'s mandatory two-year term in crafting the rest of his sentence. Nor could Lara credibly do so; in calculating that sentence, the district court explicitly relied on the "additional two years" Lara will spend in prison under § 1028A(a)(1). R. vol. 3, 97. Instead, Lara advances a more specific argument: he insists that although the district court couldn't take the mandatory two-year sentence into account in determining the appropriate sentence for Lara's *bank-fraud* convictions, the district court remained free to take that two-year sentence into account for purposes of determining the appropriate sentences for Lara's *other crimes*—i.e., possession of a counterfeit postal key and mail theft.

In support, Lara first notes that these other offenses aren't enumerated felonies under § 1028A(c). Second, he points out that (1) § 1028A prohibits "knowingly transfer[ring], possesses[ing], or use[ing], without lawful authority" another person's "means of identification" "during and in relation to any felony violation enumerated in [§ 1028A(c)]"; and (2) § 1028A only prohibits consideration of § 1028A(a)(1)'s two-year term "in determining any term of imprisonment to be imposed for the felony *during which the means of identification was transferred, possessed, or used*." § 1028A(a)(1), (b)(3) (emphasis added). Thus, he concludes, the plain language of the statute indicates that § 1028A(b)(3)'s prohibition on considering § 1028A(a)(1)'s two-year sentence extends only to § 1028A(c)'s enumerated felonies.

Moreover, Lara asserts, this conclusion finds further support in the distinction between the language of § 1028A(b)(3) and the language of § 1028A(b)(2). Section

9

1028A(b)(3) prohibits consideration of § 1028A(a)(1)'s two-year term "in determining any term of imprisonment to be imposed for the felony during which the means of identification was transferred, possessed, or used." Section 1028A(b)(2), on the other hand, states that "no term of imprisonment imposed on a person under [§ 1028A(a)(1)] shall run concurrently with any other term of imprisonment imposed on the person under *any other provision of law*, including any term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used." § 1028A(b)(2) (emphasis added).

As Lara points out, "[t]he conspicuous inclusion of the 'any other provision of law' language in § 1028A(b)(2), coupled with its omission in § 1028A(b)(3)" illustrates "that if Congress had intended to extend § 1028A(b)(3)'s restriction on district courts' sentencing discretion to sentencing for offenses under 'any other provision of law,' rather than for predicate felonies only, it would have explicitly said so." *Vidal-Reyes*, 562 F.3d at 53; *see also Wahid*, 614 F.3d at 1014 (relying on distinction between § 1028A(b)(2) and § 1028A(b)(3) to conclude that although "a district court may not reduce the sentence of a *predicate* felony to compensate for the mandatory two-year consecutive term, it may exercise its discretion to reduce a sentence for a *non-predicate* felony"); *Vidal-Reyes*, 562 F.3d at 56 ("We thus conclude that a district court, in sentencing a defendant on a[n] . . . aggravated identity theft conviction, is not precluded from taking § 1028A's mandatory sentence into account in sentencing a defendant on other counts of conviction charged in the same indictment that are not predicate felonies underlying the § 1028A conviction.").

10

Thus, based on the plain language of the statute and the line of reasoning our sister circuits employed in *Vidal-Reyes* and *Wahid*, we agree with Lara that the district court remained free to consider § 1028A(a)(1)'s mandatory two-year term in crafting his sentences for possession of a counterfeit postal key and mail theft because those offenses are not enumerated felonies under § 1028A(c).

But our conclusion that the district court *could* consider § 1028A(a)(1)'s mandatory two-year term in crafting Lara's sentences for possession of a counterfeit postal key and mail theft is—just like our conclusion that the district court *couldn't* consider § 1028A(a)(1)'s mandatory two-year term in determining Lara's sentence for bank fraud—merely an intermediate one. To resolve this appeal, we must answer the question that arises where these two intermediate conclusions intersect: Did the district court merely consider § 1028A(a)(1)'s mandatory two-year term in crafting Lara's sentences for possession of a counterfeit postal key and mail theft, or did it *also* take § 1028A(a)(1)'s mandatory two-year term into account in crafting his sentence for bank fraud?

We conclude it did the latter. In sentencing Lara on "[c]ounts 1 through 3 *and* [c]ounts 7 through 10," the district court concluded that for "*each* of those counts," a six-month sentence was appropriate.[2] R. vol. 3, 97 (emphasis added). And it then explained that it "base[d]" this conclusion, in part, "on . . . the fact that [Lara] will be required to spend an additional two years" in prison under § 1028A(a)(1). *Id.*

---

[2] Recall that counts 1–3 of the indictment charged Lara with bank fraud, while counts 7–10 charged him with possession of a counterfeit postal key and mail theft.

11

Lara argues that the district court's statement was "ambiguous" and that we should therefore interpret the statement in a manner that is "consistent with" both the law and our presumption that the district court was aware of and properly applied it. Aplee. Br. 24 (quoting *United States v. Cataldo*, 171 F.3d 1316, 1319 n.6 (11th Cir. 1999)); *see also United States v. Russell*, 109 F.3d 1503, 1512–13 (10th Cir. 1997) ("The Supreme Court has held that '[t]rial judges are presumed to know the law and to apply it in making their decisions.'" (alteration in original) (quoting *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002))).

We cannot agree. The district court explicitly stated that it took § 1028A(a)(1)'s mandatory two-year prison sentence for aggravated identity theft into account in determining the appropriate sentence for Lara's other convictions. It sentenced Lara to concurrent six-month sentences for "*each*" of these other convictions. R. vol. 3, 97 (emphasis added). And then—without differentiating between Lara's convictions for bank fraud and his convictions for possession of a counterfeit postal key and mail theft—it explained that "the fact that [Lara] will be required to spend an additional two years beyond the six months as to *those seven counts*" informed its decision to sentence Lara to six months in prison for those counts. *Id.* (emphasis added). These statements necessarily and unambiguously encompassed Lara's convictions for bank fraud. *Cf. Cataldo*, 171 F.3d at 1319 n.6 (explaining that district courts' "*ambiguous* oral statements, if possible, are

12

interpreted to be consistent with (and not inconsistent with) the law" (emphasis added)).

Moreover, the district court had every opportunity to clarify that its consideration of § 1028A(a)(1)'s mandatory two-year sentence was confined solely to Lara's sentences for possession of a counterfeit postal key and mail theft.[3] But the district court didn't avail itself of that opportunity. Accordingly, we accept its unambiguous statements at face value and conclude that the district court indeed considered § 1028A(a)(1)'s mandatory two-year sentence in determining the appropriate sentences for "each" of Lara's other crimes—including bank fraud. R. vol. 3, 97. Because the district court erred in doing so, we vacate Lara's sentence and remand for resentencing.

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[3] After the district court pronounced Lara's sentence, the government objected to the district court's "consideration of [the] 24-month sentence," which, the government pointed out, the court "explicitly [considered] in imposing the six-month sentence[s]." R. vol. 3, 102.

13