**NOT FOR PUBLICATION**

FILED

JAN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50211 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:16-cr-00256-PSG-1 |
| DEBRA CHRISTINE CLARK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

Before:  O'SCANNLAIN and IKUTA, Circuit Judges, and KENNELLY,** District Judge.

Defendant Debra Clark appeals the order of restitution entered following her guilty plea.  We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

We review Clark's challenge to the restitution order for plain error. *See United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016). Clark is not entitled to de novo review of her claim even though she objected to the amount of restitution at sentencing, because her argument on appeal is materially different than the argument made to the district court. *See United States v. Wahid*, 614 F.3d 1009, 1013 (9th Cir. 2010); *see also* Fed. R. Crim. P. 52(b).

The district court erred in awarding $112,996 in restitution because a court may award restitution under the Mandatory Victims Restitution Act "only for loss that flows directly from the specific conduct that is the basis of the offense of conviction." *United States v. May*, 706 F.3d 1209, 1214 (9th Cir. 2013) (quoting *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 927 (9th Cir. 2001)) (internal quotation marks omitted). Here, the specific conduct charged in the indictment, which was the basis of Clark's guilty plea, gave rise to losses totaling only $40,036. The district court's award of more than $40,036 in restitution was therefore an error, and the error was plain because it was "clear or obvious under current law." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003). Further, the district court's error affected Clark's substantial rights because she has shown "a reasonable probability that, but for the error," the amount of restitution ordered would have been different. *United States v. Dominguez Benitez*, 542 U.S.

2

74, 76 (2004). Lastly, the error "seriously affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings," because the district court lacked the legal authority to order restitution in an amount exceeding the losses caused by the charges specifically pleaded in the indictment. *See United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1164–66 (9th Cir. 2010); *see also United States v. Ameline*, 409 F.3d 1073, 1102 (9th Cir. 2005) (en banc) (holding that imposition of an illegal sentence is "a miscarriage of justice" that satisfies the fourth element of the plain error test). We therefore exercise our discretion to correct a forfeited error, *United States v. Olano*, 507 U.S. 725, 732 (1993), and we reverse the district court's ruling.

 **REVERSED.**

*United States v. Clark*, No. 17-50211

IKUTA, Circuit Judge, dissenting:

In a statement submitted to the district court before her guilty plea, at her change of plea hearing, and at her sentencing hearing, Debra Clark stipulated that she unlawfully obtained $112,996 from the Social Security Administration. On appeal, she does not dispute this fact.

Because the specific conduct charged in the indictment gave rise to losses totaling only $40,036, the district court erred in ordering Clark to pay $112,996 in restitution. *See United States v. May*, 706 F.3d 1209, 1214 (9th Cir. 2013). However, a court's imposition of a sentence that is inconsistent with the indictment is not necessarily a plain error if the sentence was based on evidence that "was overwhelming and essentially uncontroverted." *United States v. Cotton*, 535 U.S. 625, 632-33 (2002) (internal quotation marks omitted). Under those circumstances, the error does not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." Rather, the Supreme Court has told us, "[t]he real threat" to the "fairness, integrity, and public reputation of judicial proceedings" would be if the defendants, "despite the overwhelming and uncontroverted evidence," were to receive a lesser sentence "because of an error that was never objected to at trial." *Id.* at 634.

Because "overwhelming and uncontroverted evidence" supports the district

court's restitution order here, I would hold that the district court did not plainly err, and I would affirm the district court. Therefore, I dissent.