# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3089

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant,　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　District of Minnesota.
Bismarck Guillen-Esquivel,　　　　*
also known as Luis Nieves Perez,　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee.　　　　　　 *

_____

Submitted: May 13, 2008
Filed: July 22, 2008

_____

Before LOKEN, Chief Judge, BYE and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

The government appeals the twenty-four month and seven-day sentence given to Bismarck Guillen-Esquivel after he pleaded guilty to document trafficking in violation of 18 U.S.C. § 1028(a)(3) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). We reverse and remand for resentencing.

I

The Police Department in Worthington, Minnesota, received a tip indicating Guillen-Esquivel was selling birth certificates and social security cards to others. As

a result of the tip, immigration authorities began an undercover investigation. During the investigation, a confidential informant purchased from Guillen-Esquivel three separate birth certificates, with corresponding social security cards belonging to people from Puerto Rico. A federal grand jury subsequently indicted Guillen-Esquivel on one count of trafficking in identification documents, three counts of selling social security cards, and three counts of aggravated identity theft. Pursuant to a written plea agreement, he pleaded guilty to one count of document trafficking and one count of aggravated identity theft.

The crime of aggravated identity theft requires a sentence of two years, which must run consecutive to any other term of imprisonment imposed by the court at the same time. See 18 U.S.C. § 1028A(b). In addition, the statute prohibits district courts from considering the two-year consecutive sentence when imposing the other term of imprisonment. Specifically, the statute provides:

> [I]n determining any term of imprisonment to be imposed for the felony during which the means of identification was transferred, possessed, or used, a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section[.]

Id. at § 1028A(b)(3).

Consistent with the requirements of the statute, the presentence report calculated a separate advisory guidelines range of 10-16 months for the document trafficking charge, and noted § 1028A required a consecutive two-year term of imprisonment to be imposed along with whatever sentence the district court chose for the document trafficking charge.

At the sentencing hearing, the district court indicated it was varying from the advisory guideline range of 10-16 months for the document trafficking charge by imposing a seven-day sentence.  The district court gave the following reasons for its variance:

> It appears to this Court that the guidelines sentence ***in conjunct with the two-year mandatory sentence is excessive***.  It is excessive in light of the nature of the offense and in light of the sentence that, ah, that it falls with -- in light of the sentences imposed on the other defendants.  This gentleman was in the United States illegally.  He was working.  He was paying taxes.  The taxes were being taken out.  The guy was here, as is the background of virtually everyone in this courtroom, to find a job, to find a way to raise a family, and to try and make a living.  He was here wrongly.  The United States Congress has defined the circumstances under which people are permitted to come to this country.
>
> As is much in the news, there are what? 10, 12, 14 million people who are similarly situated.  That is not an excuse to break the law; I do not regard it as an excuse to break the law.  But in the time that he lived here, he lived a law abiding life with the exception of two things, one being here, for which he has come before this Court, and then he chose to supplement his income, not by creating names out of a whole cloth, but somebody supplied him the names of real people.  That is a crime.  The others with whom, who were arrested, had very short sentences, which the Court believed were prudential.  Under these circumstances, to sentence him to 16, or ***10 to 16 months plus two years I think is excessive*** in light of the experience of all of the other defendants.  If this man were occupied in a stand-alone situation, where he was not, where he was doing this at his home when he had other places to be, he was just helping out other friends and other colleagues where he was working.  Albeit illegally.  Under those circumstances, the Court is of a mind to impose upon him a seven-day sentence for the first offense, and a two-year offense — two-year successive sentence as is mandated for the second.

I recognize that this is a variance. The reality of it is, is that we have got a situation that is quite out of control. The United States government, depending on which day, which year, which week, decides to make whatever prosecution or investigative efforts it chooses. That is extremely, and entirely the prerogative of the executive branch. But what we have here, at least as I understand it, is a situation at Swift where the company was, if not complicitous, they certainly knew what was going on to a large extent. This is an industry that is replete, the United States could happily turn around and go back and do it again, and they'd be able to pick up dozens more just like these folks. Under these circumstances, I believe that this sentence is appropriate. He will be adequately punished. He is certainly going to be leaving the United States, and I'm absolutely confident he will not return. And that will be the sentence which I will impose.

Sent. Tr. at 8-10 (emphasis added).

The government filed a timely appeal, arguing in part the district court erred by considering the two-year consecutive sentence for aggravated identity theft when imposing the seven-day sentence for document trafficking. Guillen-Esquivel counters by suggesting we should defer to the district court pursuant to Gall v. United States, 128 S. Ct. 586 (2007).

II

Section 1028A(b)(3) prohibited the district court from "in any way reduc[ing] the term to be imposed for [document trafficking] so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for [aggravated identify theft]." The comments made by the district court at the time of sentencing indicate the court did exactly that when it chose a seven-day sentence for document trafficking. Twice the district court took into account the twenty-four month sentence in concluding the overall sentence would be excessive if it chose a sentence for document trafficking within the advisory guideline range. See

-4-

Sent. Tr. at 8-10 ("[T]he guidelines sentence *in conjunct with the two-year mandatory sentence is excessive* . . . Under these circumstances, to *sentence him to 16, or 10 to 16 months plus two years I think is excessive*") (emphasis added). The statute required the district court to ignore altogether the twenty-four month sentence when imposing a sentence for the document trafficking charge. Such clearly did not happen. Under these circumstances, we have no choice but to reverse and remand for resentencing.

Guillen-Esquivel argues the Supreme Court's recent decisions in Gall, United States v. Booker, 543 U.S. 220 (2005), and Rita v. United States, 127 S. Ct. 2456 (2007), require us to defer to the district court's conclusion an overall sentence of two years and seven days was "sufficient, but not greater than necessary" in this case to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). We disagree.

Section 1028A(b)(3) limits the amount of discretion district courts can exercise with respect to sentences for aggravated identity theft. The Supreme Court's recent jurisprudence does not prohibit Congress from setting *any* limits on a sentencing court's discretion. For example, we have recognized Congress can limit a sentencing court's discretion through the use of mandatory minimum statutes because such statutes do not implicate the Sixth Amendment problems addressed in Booker. See, e.g., United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (rejecting the claim district courts have discretion to decide whether an overall sentence is reasonable, and impose a non-Guidelines sentence, when a portion of the sentence results from a statutory mandatory minimum). Guillen-Esquivel has not identified how § 1028A(b)(3) suffers from the same constitutional infirmities associated with a mandatory guideline system. Thus, Gall, Booker, and Rita do not allow district courts to ignore the limits placed upon their discretion by § 1028A(b)(3).

## III

We reverse and remand for resentencing.

_____