**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2487
_____

UNITED STATES OF AMERICA

Appellant

v.

ABDULRASHEED YUSUF

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-18-cr-0042-001)
District Judge:  Hon. Katharine S. Hayden
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 15, 2019

Before: MCKEE, ROTH, and FUENTES, *Circuit Judges*.

(Filed: July 15, 2019)
_____

OPINION[**]
_____

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Abdulrasheed Yusuf was sentenced to three months' imprisonment for conspiracy to commit wire fraud, on top of a two year mandatory sentence for aggravated identity theft. The Government appeals, arguing that the District Court erroneously considered Yusuf's aggravated identity theft sentence when determining the appropriate sentence to impose for his conspiracy conviction.[1] For the following reasons, we will vacate and remand for resentencing.

## I.

Abdulrasheed Yusuf was a member of a conspiracy to steal money from individual bank accounts. Co-conspirators contacted banks or financial institutions, impersonated an account holder there, and withdrew significant sums of money. Yusuf's role was to pick up the resulting check at a mail carrier's branch location and deposit it in a co-conspirator's bank account. To do this, Yusuf used fraudulent identification.

Yusuf was apprehended in August 2017 when the Government intercepted two checks from Prudential Insurance Company that his co-conspirators had requested to be issued. The Government replaced one of the checks with a decoy check and surveilled the branch location where the checks were being sent. After Yusuf and a co-conspirator picked up the checks, they were stopped by the police. Yusuf possessed drivers' licenses in the names of two victims and two Visa cards in the name of one of those victims. Shortly thereafter, Yusuf pled guilty to Count I, conspiracy to commit wire fraud, in violation of

---

[1] The Government does not argue, and we do not consider, whether Yusuf's term of imprisonment on Count 1 of his sentence is substantively unreasonable.

18 U.S.C. § 1349, and Count II, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

Aggravated identity theft under § 1028A carries a mandatory two year sentence, and the parties agreed in the plea agreement that it would run consecutively. Importantly, aggravated identity theft under § 1028A also prohibits courts from taking the mandatory sentence into account when calculating a sentence for the predicate felony, here, conspiracy to commit wire fraud:

> [I]n determining any term of imprisonment to be imposed for the felony during which the means of identification was transferred, possessed, or used, a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section[.][2]

With respect to the conspiracy conviction, the parties agreed that Yusuf's offense level was 14. The Probation Department determined that Yusuf had five criminal history points, and therefore calculated his Guidelines range as 21–27 months on Count 1.

Yusuf was sentenced on May 23, 2018. Acknowledging that Yusuf was only held responsible for three checks and had a low-level role in the conspiracy, the Government requested a sentence at the bottom of the Guidelines range (21 months). Yusuf, bound by the plea agreement, did not ask for a variance. He did, however, tell the District Court that he had no idea what was in the packages he picked up as part of the conspiracy.

---

[2] 18 U.S.C. § 1028A(b)(3).

The District Court ultimately sentenced Yusuf to three months' imprisonment on the conspiracy conviction. The District Court likened Yusuf's level of culpability to that of a drug mule in a drug trafficking conspiracy case, and expressed concern at his low level of involvement in the conspiracy. The District Court also explained its view that sentencing Yusuf was particularly difficult because of § 1028A:

> That [section, § 1028A(b)(3),] just doesn't fit here because he barely committed the underlying offense, on one hand because of the nature of the conspiracy. He had to commit the aggravated identity theft in order to be part of the conspiracy, and I would consider it to be highly unfair in the proportionality determination that I make not to take that into consideration. . . .[3]

The District Court decided to grant Yusuf a downward variance, because doing otherwise would be overly punitive:

> [T]here is such a confluence between Counts 1 and . . . 2, and I don't find any guidance in the law that would require me to blindly add 24 months. It would almost be a form of double counting when the underlying offense in Count 1 is the very conduct that is punished Count 2.[4]

To do so, the District Court attempted to "close [its] eyes to Count 2" and instead determined how it would sentence Yusuf for conspiracy to commit wire fraud with an enhancement for the production or trafficking of an unauthorized or counterfeit access device under Sentencing Guideline 2B1.1(b)(11)(B)(i).[5] Adding two points for the enhancement, the District Court determined that Yusuf would be at a criminal offense level

---

[3] A.86–87.
[4] A.89.
[5] A.87–88.

4

of 16, making the Guidelines range 27–33 months. Within that range, the District Court decided to "cast my vote with the family members who have shown up here and the letters that have been written and sentence Mr. Yusuf to 27 months."[6] The court then explained that the Mr. Yusuf was sentenced to three months' imprisonment on Count 1, and 24 months' imprisonment on Count 2 "in order to produce a total term of imprisonment of 27 months."[7] Following sentencing, the Government appealed.

## II.[8]

There is no doubt that § 1028A(b)(3) "bar[s] consideration of a mandatory minimum" during sentencing for the predicate felony.[9] The Supreme Court as well as the First, Seventh, Eighth, Ninth, and Tenth Circuits have explained that under § 1028A, a sentencing court cannot reduce the sentence it would have otherwise imposed on a predicate conviction because of the knowledge of a defendant's two-year mandatory minimum sentence for aggravated identity theft.[10]

The Government argues that the District Court abused its discretion by reducing Yusuf's term of imprisonment on Count 1 to three months in order to compensate for his

---

[6] A.94.

[7] A.95.

[8] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over the Government's appeal under 18 U.S.C. § 3742(b).

[9] *Dean v. United States*, 137 S. Ct. 1170, 1178 (2017).

[10] *See id.*; *see also United States v. Smith*, 756 F.3d 1179, 1185–86 (10th Cir. 2014); *United States v. Wahid*, 614 F.3d 1009, 1013–14 (9th Cir. 2010); *United States v. Vidal-Reyes*, 562 F.3d 43, 50 (1st Cir. 2009); *United States v. Omole*, 523 F.3d 691, 699 (7th Cir. 2008); *United States v. Guillen-Esquivel*, 534 F.3d 817, 819 (8th Cir. 2008).

5

two-year mandatory sentence on Count 2.[11] Yusuf argues that his sentence on Count 1 was not reduced in consideration of his mandatory sentence on Count 2. According to Yusuf, the District Court's "concentration was on conducting an independent evaluation of an appropriate sentence for Count 1 standing alone, in light of the facts and circumstances of the conspiracy and the roles played by Mr. Yusuf and his co-conspirators."[12]

We agree with the Government. Courts run afoul of § 1028A(b)(3) when they impose a sentence for a predicate felony and consider the mandatory minimum when doing so, not only when the mandatory minimum is *all* they consider.[13] In *United States v. Omole*, the Seventh Circuit explained that a judge violates § 1028A(b)(3) when she "even slightly factor[s]" the mandatory sentence into her sentencing decision for the predicate offense.[14] Here, while the District Court addressed several factors at sentencing, including Yusuf's character, criminal history, and low-level role in the conspiracy, there is no question that the two year mandatory minimum sentence was at the very least a significant consideration. On several occasions, the Court referenced its position that it could not ignore Yusuf's sentence on Count 2 because to do so would risk "a form of double counting."[15] Importantly, the Court noted that 27 months was an appropriate period of incarceration for Yusuf, but then imposed a sentence of three months "in order to produce

---

[11] When a court commits an error of law during sentencing, it "by definition abuses its discretion." *Koon v. United States*, 518 U.S. 81, 100 (1996). Thus, if the District Court violated § 1028A(b)(3) in imposing a sentence, it abused its discretion.

[12] Appellee's Br. at 18.

[13] *See Dean*, 137 S. Ct. at 1178.

[14] *United States v. Omole*, 523 F.3d 691, 699 (7th Cir. 2008), *abrogated on other grounds by United States v. Statham*, 581 F.3d 548 (7th Cir. 2009).

[15] A.89.

a total term of imprisonment of 27 months."[16]  Section 1028A, however, has prohibited courts from engaging in this type of discounting.

## III.

For the foregoing reasons, we vacate and remand for resentencing.

---

[16] A.95.